UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05107-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 16. Attorney David L. Lybbert represents Donald H. (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on January 13, 2014, alleging disability since January 1, 2010,[1] based on ADHD, head

---

[1] Plaintiff later amended his alleged onset date to the protected filing date. Tr. 58.

injuries, memory problems, seizures, and body pain. Tr. 87, 222. The application was denied initially and upon reconsideration. Tr. 122-29, 133-38. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on April 20, 2017, Tr. 55-85, and issued an unfavorable decision on September 8, 2017, Tr. 21-34. Plaintiff requested review from the Appeals Council. Tr. 198, 327-31. The Appeals Council denied Plaintiff's request for review on May 14, 2018. Tr. 1-5. The ALJ's September 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 27, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1967 and was 46 years old as of the filing date of his application. Tr. 32. He dropped out of high school in the 11th grade to join the military, and later obtained his GED and college certificates in information technology and job psychology, and was working on his Bachelor's degree in graphic design. Tr. 395, 432, 445, 733-34, 747. He had a limited work history, primarily working in construction. Tr. 431-32, 445, 733, 747.

Plaintiff has suffered numerous head injuries and has complained of memory problems for years. Tr. 343, 431, 444, 746. Following a head injury in December 2013, which resulted in a two week hospitalization for a brain bleed, Tr. 623-24, he alleged worsening of his memory issues, and developed seizures, Tr. 693, 705, 733-35, 746.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make

an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On September 8, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 13, 2014, the protected filing date. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: seizures, degenerative disc disease, mild cognitive impairment with memory loss, personality disorder, ADHD by history, and history of IV meth/cocaine and cannabis dependence. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26-27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform work at the light exertional level with the following additional limitations:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) that involves lifting no more than 30 pounds occasionally and 15 pounds frequently. He could not climb ladders, ropes, or scaffolds and never work at unprotected heights or operate heavy machinery or equipment. He is capable of sitting up to 6 hours a day. He could stand and walk up to 4 hours a day. He is capable of occasional overhead reaching, with occasional kneeling, crouching, and crawling. He is limited to simple, routine and predictable tasks. He could have superficial contact with the general public and occasional contact with coworkers, but would work best independently and working with things rather than people.

Tr. 27.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 32.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other work that existed in significant numbers in the national economy, including the jobs of production assembler, inspector/hand packager, and cleaner/polisher. Tr. 32-33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 13, 2014, the protected filing date, through the date of the ALJ's decision, September 8, 2017. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's symptom testimony; and (3) making step five findings that are not supported by substantial evidence.[2]

## DISCUSSION

**1. Medical opinion evidence**

---

[2] Plaintiff also asserts within his other arguments that the ALJ erred by not obtaining a post-hearing consultative examination once Plaintiff was released from prison. ECF No. 12 at 2, 4, 8. Plaintiff has failed to offer any legal arguments in support of this position and did not brief the issue with any specificity. The Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

Plaintiff asserts the ALJ erred by improperly evaluating the opinion evidence from Drs. Clayton, Hipolito, Moon, Barnard, and Orr. ECF No. 12 at 11-16.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant, and those who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion generally carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

In weighing the medical opinion evidence, an ALJ must make findings setting forth specific, legitimate reasons for the assessment that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).

A. Dr. Clayton

Plaintiff argues the ALJ erred in rejecting some of the limitations recommended by Dr. Sally Clayton, the medical expert who testified at the hearing. ECF No. 12 at 14-16.

At the hearing, Dr. Clayton testified Plaintiff's predominant issues were his neurocognitive disorder, his personality disorder, and his history of substance use. Tr. 60-61. She found him to be moderately limited in understanding, remembering, or applying information; moderate to markedly limited in interacting with others; moderately limited in maintaining concentration, persistence, and

pace; and moderately limited in his ability to adapt and manage himself. Tr. 63-64. In terms of work functioning, she agreed that Plaintiff would need written instructions and reminders, and she suggested understanding supervision because of his difficulties in social functioning, noting this to mean "not too authoritarian in terms of supervision, but somebody who can be kind of negotiating low key with him." Tr. 64-65. She further agreed that there was some potential for Plaintiff to not respond well to criticism, to be distracted, and to have some difficulty with impulse control, though she did not quantify these problems. Tr. 65.

The ALJ gave this testimony significant weight, based on Dr. Clayton's specialized expertise and knowledge of Social Security, along with her opportunity to review the longitudinal record and the consistency of her testimony with other opinions contained in the file. Tr. 30-31.

Though an ALJ need not discuss all evidence presented, she must explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984); *see also* 20 C.F.R. 416.945(a)(3)("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). The ALJ failed to include in the RFC any limitations to account for Dr. Clayton's recommended limitations regarding supervisors. Tr. 27. Though the RFC includes limitations on interactions with coworkers and the public, and notes Plaintiff would work best independently, there is no element of the RFC addressing the nature of supervision, as Dr. Clayton recommended. *Id.* The ALJ's summary of Dr. Clayton's testimony omits any reference to her recommendation that Plaintiff have an understanding supervisor who would not be authoritarian in terms of supervision. The ALJ offered no explanation for omitting this limitation from the RFC. Tr. 31.

This was not a harmless omission. The Vocational Expert testified that there was no way to assess what a supervisor's temperament would be, as it is subjective, and that a need for a tolerant supervisor would be an accommodation in

the workplace. Tr. 83. Therefore, Dr. Clayton's testimony regarding the nature of supervision Plaintiff required was relevant testimony that the ALJ must address on remand.

Plaintiff also asserts the ALJ erred in the discussion of Dr. Clayton's opinion by omitting additional limitations from the RFC, and improperly attributing them to Plaintiff's substance use. ECF No. 12 at 14-15. It is unclear to which limitations Plaintiff was referring. Presumably Plaintiff was referencing the ALJ's discussion at step five as to why she declined to include limitations regarding inability to persist and interact appropriately with others for significant portions of the day. Tr. 33. However, Dr. Clayton never endorsed or quantified any specific limitations or percentages of time that she believed Plaintiff would experience such difficulties. Tr. 65-66. Therefore, there was no rejection of any particular probative evidence in this regard.

### B. *Drs. Hipolito, Barnard, and Moon*

Plaintiff argues the ALJ erred in her discussion of opinions from Dr. Hipolito (a treating source) and Drs. Barnard and Moon (examining sources). ECF No. 12-13. Plaintiff asserts the ALJ improperly resorted to consideration of non-examining medical sources to find contradiction and reject these opinions. *Id.* Plaintiff fails to address any of the ALJ's stated rationale for assigning minimal weight to Dr. Hipolito and Dr. Barnard's opinions.

Dr. Hipolito completed a Department of Social and Health Services form, asserting Plaintiff was unable to meet the demands of even sedentary work. Tr. 754. The ALJ assigned this opinion little weight, finding it inconsistent with the largely normal findings on exam and Plaintiff's extensive activities of daily living, and unsupported by contradictory reports of his seizure activity. Tr. 30. These are all specific and legitimate bases upon which the ALJ was entitled to rely in evaluating the reliability of Dr. Hipolito's opinion. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir.2009) (holding that a conflict with

treatment notes is a specific and legitimate reason to reject treating a physician's opinion); *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (indicating details of daily activities inconsistent with opinion evidence is a relevant factor for ALJs to consider). Plaintiff has offered no argument for why any of these reasons were inaccurate. The Court finds the ALJ gave specific and legitimate reasons for discounting Dr. Hipolito's opinion.

Similarly, in discussing the disabling mental limitations opined by Dr. Barnard, the ALJ gave the opinion no significant weight for several reasons, including lack of confirmation of the ADHD diagnosis, the contradictory evidence regarding seizure activity (a subject outside of Dr. Barnard's specialty), and Plaintiff's ongoing substance use, including smoking marijuana the day of Dr. Barnard's exam, which two other doctors indicated could have impacted the testing results. Tr. 31-32. These are all specific and legitimate bases for assigning less weight to the opinion, none of which Plaintiff challenged. The Court finds no error in the ALJ's discussion.

With respect to Dr. Moon's opinion, Plaintiff's argument that the ALJ resorted to non-examining sources in rejecting this opinion is incorrect, as the ALJ offered no discussion or analysis of Dr. Moon's opinion at all. Defendant asserts this was harmless error, as the findings were largely unremarkable and Plaintiff had used methamphetamine earlier in the day of the evaluation, and thus Dr. Moon's opined limitations were not supported by his own evaluation or by substantial evidence of record. ECF No. 16 at 15. Defendant's argument is post hoc rationale that the ALJ did not offer, and thus will not be considered by the Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). As this claim is being remanded for reconsideration of Dr. Clayton's testimony, the ALJ shall

also evaluate the probative value of Dr. Moon's opinion in context with the rest of the medical evidence.[3]

*C. Dr. Orr*

Plaintiff argues the ALJ failed to explicitly reject Dr. Orr's assessed mental restrictions, stating the ALJ only discussed the findings. ECF No. 13-14. Dr. Orr administered a clinical interview and objective testing and offered a medical source statement. Tr. 731-37. The ALJ summarized the report in her decision and assigned it significant weight. Tr. 31. Plaintiff identifies no specific limitations that the ALJ omitted. The Court finds no error in the ALJ's discussion of Dr. Orr's opinion.

**2.     Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 12 at 16-19.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

---

[3] The Court notes that Dr. Moon's opinion was completed prior to Plaintiff's December 2013 head injury and the relevant period in this claim. These are additional factors the ALJ may consider in assessing the probative value of the opinion.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, the ALJ found Plaintiff's assertion of total disability was not supported by the weight of the evidence. Tr. 28. Specifically, the ALJ noted the following factors in support of her findings: (1) mental status examinations were largely normal; (2) Plaintiff sought no specific mental health treatment; (3) the record contained conflicting statements regarding Plaintiff's seizures; (4) physical exams were largely benign; (5) Plaintiff's activities of daily living were not supportive of his allegation of disability; (6) Plaintiff had not worked in the last 15 years; and (7) Plaintiff had a significant history of substance abuse. Tr. 28-29.

Plaintiff asserts the ALJ cherry picked facts that are inconsistent with the record as a whole, and improperly relied on daily activities that do not consume a substantial part of Plaintiff's day. ECF No. 12 at 16-19.

Plaintiff failed to identify with any specificity what portions of the ALJ's evaluation of the medical evidence was "cherry picked" or what evidence was omitted from the ALJ's discussion. The Court finds the ALJ did not err in finding the objective physical and mental status exams to be unsupportive of Plaintiff's allegations of disabling limits. With respect to physical problems, the ALJ is correct that, other than evidence of a hernia and some mildly reduced range of motion and pain in the spine, physical exams have been largely benign. Tr. 440-41, 695-96, 707, 719-20, 803, 825, 832-33. The ALJ is also correct that most mental status exams have been within normal limits, other than some evidence of memory impairment. Tr. 456, 707-08, 712, 720, 832-33. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for

rejecting a claimant's testimony, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also challenges the ALJ's use of his activities in finding his allegations to be unreliable. ECF No. 12 at 17-19. Plaintiff asserts none of the activities identified by the ALJ take up a substantial portion of his day or are transferrable to a work environment. *Id.* at 18. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ's interpretation of Plaintiff's reported activities as inconsistent with his allegations of disabling physical and mental limitations is rational and supported by substantial evidence.

Plaintiff offers no further challenge to any of the ALJ's other stated reasons for her findings regarding Plaintiff's allegations. The Court acknowledges that unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Furthermore, inconsistent statements by a claimant is a relevant factor for an ALJ to consider in assessing the reliability of a claimant's allegations. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001). Finally, the Ninth Circuit has found that a poor work history can support a rejection of a claimant's symptom statements. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (An ALJ's finding that the claimant had limited work history and "ha[d] shown little propensity to work in her lifetime" was a specific, clear, and convincing reason for discounting the claimant's testimony.). The Court finds the ALJ offered clear and convincing reasons for finding Plaintiff's subjective statements to be inconsistent with the record.

### 3. Step 5 findings

Plaintiff asserts that an ALJ errs in the step five determination when the testimony of a vocational expert is premised on an incomplete hypothetical

stemming from an inaccurate residual functional capacity determination. ECF No. 12 at 19-20. The Court takes notice that counsel's briefing on this topic is introduced with a header referencing evidence submitted to the Appeals Council, which did not happen in this claim. Tr. 4, 327-31. The brief also refers to the incorrect ALJ and cites to vocational expert testimony at "AR 87-88," which in this record is not part of the transcript of the hearing. From these errors, it appears counsel has included briefing prepared for a different matter.

Considering the case is being remanded for the ALJ to properly address the medical opinion evidence, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony. Counsel is encouraged to exercise care in briefing in the future.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess the medical evidence, specifically the opinions of Dr. Clayton and Dr. Moon. The ALJ shall complete the five-step evaluation process and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 10, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE